UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHARLES B. THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:10-cv-04035 |
| | ) |
| DEERE & CO., | ) |
| | ) |
| Defendant. | ) |

## MOTION *IN LIMINE*

Plaintiff, Charles B. Thompson, by and through his attorneys, Katz, Huntoon & Fieweger, P.C., states as follows for his Motion *in Limine*, respectfully asking this court to enter an order preventing and barring defendant, and all witnesses called by defendant, and defendant's counsel, from referring or mentioning in any way at trial, during *voir dire*, and in opening and closing statements, any of the following matters:

1. Any reference to settlement discussions or negotiations. (See Federal Rule of Evidence 408.)

2. That any amount recovered by plaintiff will or will not be subject to any taxation.

3. Any opinion testimony not timely disclosed in discovery by the defendants as required by Federal Rule of Civil Procedure 26(a) and the deadlines under the Pre-Trial Order filed in this case.

4. Any evidence or testimony from any witness not specifically disclosed prior to the close of discovery by the defendants under Federal Rules of Civil Procedure 26(a), 33 and 34.

5. The appearance of or any testimony from Danielle Harvey, the Industrial Relations Coordinator at McLaughlin Body Company in Moline, because Deere failed to disclose her

within the discovery deadline.  The discovery deadline was July 15, 2011 and Deere disclosed Ms. Harvey for the very first time on July 19, 2011.  Alternatively, Ms. Harvey should be barred because her testimony relates the issue to plaintiff's religious beliefs (See # 6 below.)

6. Any evidence or testimony from any witness regarding Defendant's mitigation of damages defense as it relates to a potential job at McLaughlin Body.  As argued and supported in Plaintiff's Motion to Bar and Memorandum in Support filed February 6, 2013, any potential employment at McLaughlin Body conflicted with plaintiff's religious beliefs.  Any evidence of that alleged job for mitigation of damages purposes should be precluded at this trial under Federal Rule of Evidence 403 because any alleged probative value is substantially outweighed by the danger of unfair prejudice.

7. Admission of or reference to defendant's Exhibits 71-73, specifically the McLaughlin Body Wage and Benefit Summary, the McLaughlin Body Company Collective Bargaining Agreement, and the current McLaughlin Body Company Collective Bargaining Agreement (see # 6 above).

8. Any testimony from defendant's expert, Heidi Schultz, regarding potential employment at McLaughlin Body (see # 6 above).

9. Any testimony from defendant's expert, Heidi Schultz, regarding late-disclosed documents identified by Deere as "Schultz 146-Schultz 194." Deere did not timely disclose or designate in any way the packet of documents later disclosed as Schultz documents 146-194 and which were labeled as "Sampling of Benefits offered by Quad City area employers who have manufacturing and welding positions:."  These documents were not received by plaintiff's counsel until September 9, 2011, almost two months after the discovery deadline in this case.

10. Any reference to an alleged personal and/or intimate relationship between plaintiff and his former co-worker and one of the witnesses in this case, Audra McKeag, under Rule 403. Any alleged probative value would be substantially outweighed by the danger of unfair prejudice and confusion of issues. Further, none of defendants identified witnesses have been disclosed to have personal knowledge of this alleged relationship. Neither Ms. McKeag nor plaintiff have admitted that they have such a relationship. Therefore, to permit defendant to raise this innuendo is simply an improper attempt to prejudice the jury against the plaintiff.

11. Plaintiff's union grievance pertaining to his termination as irrelevant. See <u>Janes v. Chi. Bd. of Educ.</u>, 2002 U.S. Dist. LEXIS 22239, 35-36 (N.D. Ill. Nov. 15, 2002):

> Plaintiff has filed an omnibus motion in limine seeking to bar evidence concerning … Plaintiff's union grievance pertaining to her termination … the Court agrees that Plaintiff's union grievance is likewise irrelevant to this case. The Board does not argue that the union grievance procedure is itself relevant but argues that it should be permitted to use Janes' statements in connection with the union grievance proceedings as potential sources of impeachment at trial. The Court notes, therefore, that the Board shall be permitted to use Janes' statements during the union grievance procedure for impeachment purposes, if appropriate, provided that the Board refrains otherwise referring to the outcome or substance of that proceeding.

The outcome of plaintiff's grievance being withdrawn prior to arbitration is irrelevant and such evidence should likewise be barred.

12. Admission of or reference to Thompson Deposition Exhibit 1, which is a July 10, 2000 Performance Improvement Plan from plaintiff's employer **prior** to Deere, MidAmerican Energy. Any such evidence is not relevant pursuant to Rules 401-402; alternatively, to the extent there would be any arguable relevancy, any alleged probative value would be substantially outweighed by the danger of unfair prejudice and confusion of issues pursuant to Rule 403. As plaintiff explained in his deposition, he was never terminated at MidAmerican, voluntarily resigned in July, 2000, and was hired at Deere in October 2000. There is simply no possible

relevancy to this Performance Improvement Plan at a prior employer other than to cause unfair prejudice to plaintiff and confuse issues. Defendant has disclosed no witnesses from MidAmerican Energy who could even testify as to these events and therefore any attempt to admit this into evidence would be hearsay.

 13. Any reference to lawsuits brought by one of plaintiff's witnesses, Andre Harrison, against defendant under Rules of Evidence 401 and 403.

 14. Any reference to the fact that plaintiff applied for unemployment compensation and/or the fact that it was denied as irrelevant under Rules of Evidence 401 and 402, or, alternatively, it is unfairly prejudicial under Rule 403.

 15. Any reference to a "positive action session" dated approximately March 2003 regarding a hearing for an incident in which plaintiff was charged with inappropriate use of the Internet. See Rules 401, 402 and 403. Any admission of this document or reference to it regarding an incident that took place more than seven years prior to plaintiff's termination has no relevance to the current matter or, alternatively, any scant probative value would be far outweighed by danger of unfair prejudice and confusion of the issues for this jury. There has been no indication whatsoever that this alleged incident back in 2003 had anything to do with plaintiff's termination in 2009.

 Additionally, plaintiff testified that it was his understanding that this discipline was to have been removed from his record after a period of time (plaintiff testified it was "three years" in his deposition at p. 69). See also plaintiff's counsel's objection on the record at pp. 97-98:

> "I want to make a record on the deposition Exhibit 3, the discipline from 2003. In the event that you attempt to use that in any manner for the defense in this case, I believe you are barred under the Collective Bargaining Agreement from doing so. Any past discipline that is in excessive of what I believe under the contract in effect of more than three years, is supposed to be expunged from somebody's record. If Deere is attempting

4

to use that in the situation, in this case, I move it be stricken for violation of the Collective Bargaining Agreement." (Plaintiff's Dep., pp. 97-98.)

Indeed, as pointed out in the "disciplinary hearing" minutes from October 30, 2009, plaintiff "currently had nothing on his record." There is simply no indication or record in this case that this 2003 alleged incident played any part in plaintiff's discipline in 2009, rendering this document (or any reference to the alleged incident) irrelevant under Rule 402.

16. Admission of or reference to any of the videotaped footage from October 20, 2009 as irrelevant under Rules 401 and 402. As this court noted at p. 3 of its Summary Judgment Order dated April 28, 2012 (Docket No. 50), at p. 3:

> "Thompson also apparently entered the cabinet on October 20, but Thompson's supervisors did not view this footage until after they discharged him, so it was not relevant to their decision."

Since it was not part of the decision to discharge, this video is not relevant.

WHEREFORE, plaintiff Charles Thompson respectfully moves that the court enter an order *in limine* barring defendant, defendant's counsel and all witnesses from referring to the foregoing at time of trial in the presence of the jury.

Respectfully submitted,

CHARLES B. THOMPSON, Plaintiff


By:\s\Stephen T. Fieweger

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone: 309-797-3000
Fax: 309-797-2167
Email: sfieweger@katzlawfirm.com

5

## CERTIFICATE OF SERVICE

      I hereby certify on March 25, 2013, I electronically filed Plaintiff's Motion *in limine* with the Clerk of the Court using the CM/ECF System which will send notification of this filing to the following:

    Jeffrey D. Martens
    jmartens@bnpn.com
    William Rector
    wrectpr@bnpn.com

                                                By: /s/Stephen T. Fieweger

s:\wp\worddoc\15845001.35MotionLimine